ALVIN HAYNES *versus* JOEL WELLINGTON.

If the assignee of a mortgage enters into the possession of the mortgaged lands *for condition broken and to foreclose the mortgage*, the entry must be considered as made by reason of the non-payment of the whole amount secured by the mortgage, which had then become payable, although but one of the notes was the property of the assignee, and the other remained the property of the mortgagee.

If a mortgage be made to secure the payment of two notes, falling due at different dates, and the mortgagee transfers the note last payable and assigns the mortgage, retaining the other note himself; and the assignee, after his note has become payable, enters into the mortgaged premises for condition broken and to foreclose the mortgage, and a foreclosure takes place ; both notes are discharged, if the mortgaged premises were, at the time, of sufficient value for the payment thereof.

ASSUMPSIT on a note for $1342, dated August 4, 1836, payable to the plaintiff or his order, in one year from date, with interest annually, signed by the defendant. This suit was commenced October 9, 1838.

The defendant proved, that he, at the time the above mentioned note was given, gave another note to the plaintiff of the same date, and for the same amount, payable in two years from date, *with interest annually ;* and that he, at the same time, gave to the plaintiff a mortgage of certain real estate to secure the payment of each of said notes. On Dec. 11, 1837, the plaintiff indorsed the note, payable in two years from date, to John Bradbury, and assigned the mortgage to him — " hereby giving and granting unto the said Bradbury all the interest and estate I have in and to the premises therein described, reserving only a right to redeem said note from said Bradbury at any time within three years ; the said Bradbury to have and to hold the same to his own use and behoof forever."

On June 18, 1838, the defendant gave to Bradbury a writing, under his hand and seal, " giving to said Bradbury actual and peaceable entry into said mortgaged premises for condition broken, and that the time of foreclosure should commence from the date of said entry." This writing was recorded by Bradbury.

About the time, that this suit was commenced, " this note was turned out as security by Haynes, the payee," to two of his creditors, both demands amounting to a sum much less than the amount of the note in suit.

The report of the trial, at October Term, 1843, before the Chief Justice, states, that the defendant then contended, that the plaintiff could not in his own name maintain this action — and offered to show, that at the time of said foreclosure and since, said mortgaged premises were worth more than the amount due on said notes secured by said mortgage, the note in suit being one of the two therein named — and that the Chief Justice presiding, expressed a wish to bring all the questions, which might legally arise, before the whole Court; whereupon the defendant consented to be called, subject to such opinion. If the evidence offered was legally admissible, then the default was to be taken off, and the action was to stand for trial.

*Kent & Cutting* argued for the defendant, citing 10 Pick. 380 and 336; 3 Mass. R. 562; 4 Pick. 136; 12 Mass. R. 31; 17 Mass. R. 371; 9 Mass. R. 347; Bayley on Bills, c. 5, § 1; 17 Pick. 361; 20 Pick. 545.

*J. Godfrey* argued for the plaintiff, and cited 16 Mass. R. 461; 19 Pick. 43; 3 Fairf. 15; 16 Mass. R. 461; 4 Shepl. 395.

The opinion of the majority of the Court, WHITMAN C. J. dissenting, was drawn up by

TENNEY J. — On August 4, 1836, the defendant gave to the plaintiff a draft for $1000, payable in ninety days, which has been paid, and two notes for $1342 each, one payable in one, and the other in two years, with interest annually; and a mortgage of certain real estate of the same date to secure the draft and the notes. The defendant offered to prove at the trial of this action, which was upon the note payable in one year from date, that the land mortgaged was of greater value than the amount of the two notes. On Dec. 11, 1837, the mortgagee negotiated the note, which was payable in two

years from date, to one Bradbury, and also assigned to him the mortgage, giving and granting to the assignee his interest and estate in the premises therein described, reserving only the right to redeem the note at any time within three years. On June 18, 1838, the mortgagor, by writing under his hand and seal, acknowledged that Bradbury, the assignee of the mortgage, had made actual and peacable entry into the premises in the presence of two witnesses, for the breach of the condition of the mortgage, for the purpose of foreclosure.

We see no reason to doubt, that Bradbury had the right by the indorsement and delivery of the note and the assignment of the entire mortgage, to take the possession, which he did. The case discloses no evidence of any intention of the parties to the assignment, that Bradbury should not employ all the means, which the note and mortgage afforded, to enforce the payments of the note as early as possible, in the same manner that the mortgagee could have done if they had remained in his hands. The transaction passed the note and the mortgage to the assignee, subject only to the right of redemption reserved, and gave him the full control of both, till redeemed. If the note had been paid within three years to the indorsee, an offer to perform the terms of redemption, would give the indorser a right to the amount received and the interest, which must be as useful to him as the unpaid note. The entry of Bradbury was made for the breach of the condition of the mortgage; that breach was the failure of the mortgagor to pay the amount of the first and one year's interest of the second note, both of which became payable at the same time ; and Bradbury having by the assignment, all the power of the mortgagee for that purpose, the latter is unable to say that the entry was not made for a breach of the mortgage arising from the non-payment of the first note; indeed, it is not perceived how there can be an entry for a part only of a breach, which has already taken place. The mortgagor was affected by the entry, in precisely the same manner that he would have been, if it had been made by the mortgagee, without the assignment. If the mortgagee had retained both notes and the mortgage in his own hands,

and had resorted to his action upon the mortgage after breach of the condition, to obtain possession, he could have taken only the conditional judgment.  Stat. 1821, c. 49, § 3.

The assignment was made for the purpose of security alone, for an indebtedness to Bradbury.  The plaintiff, by paying voluntarily the sum so secured within the time required by the agreement, was legally entitled to a reassignment; or if the plaintiff, being liable as indorser upon the note negotiated, had been called upon as such and compelled to pay the note, he would be equally entitled to a reassignment.  If that had taken place, it cannot be contended, that the entry of Bradbury for the purpose of foreclosure, would then become ineffectual; it was caused by the plaintiff as mortgagee, and it is quite immaterial, whether he made the entry himself, by attorney, or by his assignee; the transaction was one which bound the mortgagor, and he could take no advantage of a change of the relations between those who claimed under the mortgage. On a reassignment, whatever was payable when the entry was made, would be a sum to be paid, to obtain a redemption.

The sum in the condition to be paid, to prevent a writ of possession, would be based upon that part of the notes which was payable and unpaid at the time of the commencement of the action.  *Estabrook* v. *Moulton*, 9 Mass. R. 258.  If the condition had not been fulfilled and the mortgagee had been put in possession by virtue of the judgment, his position would be the same, as if entry had been made in any other of the modes prescribed for condition broken.  And if the mortgagor would prevent the mortgagee from obtaining an indefeasible title, he would be bound to make payment of the sum payable, when the action against him was commenced, or if entry was made in another mode, when that entry took place and interest thereon, within three years after possession was so taken.  If the entire sum secured by a mortgage has become payable before entry for condition broken, the whole must be paid within the same time, to redeem the estate.  This proposition is supported by the terms in the condition of the mortgage, which are, if the notes or other personal security shall be paid

according to their tenor, the mortgage deed shall be void, otherwise to be in full force. *Davis* v. *Maynard*, 9 Mass. R. 242. If a mortgagee negotiate one of two notes secured by mortgage, without any assignment of the security, the mortgagor is equally holden to pay the amount of the note transferred, in order to redeem, and whoever holds the mortgage may require that it shall be done in order that the mortgage should be discharged, and when received, it will be held in trust for the indorsee of the note. *Crane* v. *March*, 4 Pick. 131. And it is not perceived, that the same principle will fail to apply, if the mortgagee, as in this case, shall transfer one note, reserving the right to redeem it and assign the mortgage given to secure it, and another, which he retains, the latter being payable at the time of the assignment. Nothing but the payment of the full amount due, when the action for breach of the condition, or of entry, if made in another manner, within three years from taking possession, will prevent a foreclosure. The mortgagor could make no complaint; he is required to pay no more than he contracted to do, and being a stranger to the indorsement of the note and assignment of the mortgage he is not prejudiced thereby. If the mortgagor should fail to pay, what is required, to prevent a foreclosure within three years, it follows, that the same amount would be paid upon the personal security, by the foreclosure, provided the value of the land is equal to the sum due, and the personal security would so far become extinct.

The note which, according to its terms, was to have been paid in one year, was over due, when it was negotiated, and the mortgage assigned to Bradbury. If no transfer had taken place, the plaintiff could not prevent the application of the mortgaged estate, after foreclosure, to the payment of the whole debt, if 'of sufficient value. McLaughlin & Storer, and others, having acquired an interest in the note after its dishonor, could succeed only to the rights of the payee.

In this case, the entry was made for breach of the condition in the mortgage. There was no payment within three years afterwards, and the assignee of the mortgage obtained

an indefeasible title to the land described therein; that part of the debt, which became payable before the entry, so far as the value of the land extends, is thereby discharged.

Bradbury is not a party to this suit, and what may be the respective rights of him, and the plaintiff, or those who represent them in their relations to each other, may depend upon facts not now before us. The assignment of the mortgage was for the security of the note negotiated at the same time. Bradbury caused the foreclosure, and whether those interested in the note in suit, will be entitled to any allowance from the value of the land, obtained by the foreclosure, the plaintiff having chosen to separate this note from the mortgage, reserving only the right of reassignment on certain conditions, which do not appear to have been fulfilled, is a question, which we are not called upon to settle.

The defendant should have an opportunity to show, that the estate embraced in the mortgage was equal to the amount due upon the notes at the time of the foreclosure; and the default is taken off, and the action stands for trial.